# Best *versus* Campbell *et al.*

1. An administrator of a decedent who left a widow and son, being in debt to the estate for its assets received by him, conveyed land to the widow in fee in consideration of this debt, and she in the deed of conveyance agreed to indemnify him. *Held*, that the son claiming the land could only set up a resulting trust from his interest in his father's assets, which was within the Act of April 22d 1856 (Trusts).

2. Under that act, if there be neither entry nor possession taken by the party to whom the trust results in five years after it accrues, and no acknowledgment in writing, it cannot be asserted against the trustee.

October 26th 1869.    Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Westmoreland county:* No. 10, to October and November Term 1869.

This was an action of ejectment, to May Term 1866, for 60 acres of land, in which James C. Best was plaintiff, and James B. Campbell and Isaac Kuhns, defendants.    James Best, the father of the plaintiff, died intestate about the year 1817, leaving to survive him a widow, Mary G. Best.   James C. Best, the plaintiff, his son, was born shortly after his death.    Administration of his estate was granted on the 6th of October 1817 to the widow, John Best and George Campbell.    On the 8th of December 1818 John Best became the owner of the land in dispute, which, on the 26th of January 1826, he conveyed to Mary G. Best by a deed as follows :— * *

" The said John Best, for and in consideration of a sum of money which he owes to the estate of James Best, deceased, doth grant, &c., to the said Mary G. Best, her heirs and assigns, all that certain tract of land whereon he now lives, containing 60 acres, more or less, adjoining, &c.    And whereas, the said John Best is indebted to the estate of James Best, deceased, he doth sell and have granted to the said Mary G. Best all his right and title of the said tract of land to her for the purpose of being clear of all dues and demands that said estate may have against him ; and the said Mary G. Best doth agree to and covenant with the said John Best to take the above-mentioned tract of land for the purpose aforesaid, with the right and title which the said Best now holds, and for this the said Mary G. Best engages to keep the said John Best free and undamaged by any dues and demands

[Best v. Campbell.]

which said estate may have against him." This deed was signed by both Mary G. Best and John Best, and was recorded April 14th 1827. Mrs. Best afterwards married Campbell, one of the defendants, by whom she had one child. Campbell with his wife and the two children continued to reside on the land till about 1850; they then rented it. The plaintiff lived with his mother and her husband until about 1838 after his arrival at age. Mrs. Best (Campbell) died in 1860, leaving her husband and two children, the plaintiff and her daughter by Campbell. Campbell continued to hold possession of the 60 acres, Kuhns, the other defendant, being his tenant. There was much evidence as to the disposition of the estate by John Best, the administrator and grantor to Mary G. Best, and of her declarations that the money which paid for the land was her son's, and that the land would be his upon her death.

The defendants submitted these points, all which were affirmed:

1. If John Best made the article of the 26th January 1826 with Mary G. Best, his coadministrator, for the purpose of indemnity against liability with her for assets of James Best, then no trust would arise. She would thereby own the land in dispute in her own right, and after her death her husband, the defendant, has a right to the possession during his life, and the plaintiff cannot recover.

2. After the lapse of twenty-one years, from the time the plaintiff became of age, he is barred from enforcing the alleged trust in analogy to the Statute of Limitation.

5. If there is any trust in this case, it is one that arises by implication of law, and the plaintiff cannot recover, not having brought his action within five years after the passage of the Act of 22d April 1856.

Buffington, P. J., further charged:— * *

"We then go back to 1827, the date of the deed from John Best to Mary G. Best. That deed is an absolute conveyance to her. There is no trust expressed or declared on the face to the plaintiff or any one else. The consideration expressed, however, is John Best's indebtedness to the estate. The assets of the estate then paid for this land, and the question on this point is, whose money were these assets, paid by John Best as the consideration of this land? That raises the question of fact to decide. Was it the widow's share, one-third, or was it the plaintiff's share, being two-thirds? or partly one and partly the other? A chancellor never acts except upon clear and undoubted evidence of the trust being an equity against the written title. The evidence in this case is equivocal and uncertain, and relates to occurrences happening upwards of forty years ago. The plaintiff came of age in 1838 or 1839, and nothing was done by him until in 1866, a period of near thirty years, and this is too long for a chancellor

to enforce an equity. Eight years elapsed after the passage of the Act of 1856, and that is a bar."

The verdict was for the defendants. The plaintiff took a writ of error, and assigned for error the instructions of the court in answer to the points and in the general charge.

*A. A. Stewart* and *H. D. Foster*, for plaintiff in error.

*Turney & Laird*, for defendants in error, cited Act of April 22d 1856, § 4, 6, Pamph. L. 532, Purd. 654, pl. 13; 2 Story's Eq. Jur. p. 980; Wallace *v.* Duffield, 2 S. & R. 521.

The opinion of the court was delivered, November 8th 1869, by

READ, J.—John Best being the owner of 60 acres, on the 26th January 1826, entered into articles of agreement with Mary G. Best, widow and administratrix of James Best, deceased, by which " for and in consideration of a sum of money which he owes to the estate of James Best, deceased," he granted, bargained and sold, to the said Mary G. Best, her heirs and assigns, the said tract. The plaintiff is the only child of James Best, and as such brings this ejectment to recover this tract of land. The plaintiff came of age in 1838 or 1839, and nothing was done by him until 1866, a period of nearly thirty years, and eight years elapsed after the passage of the Act of the 22d April 1856. The legal title was in his mother, and the plaintiff could only set up an implied or resulting trust from his interest in the assets of his father's estate of which the debt due by John Best formed a part.

The present Chief Justice in Clark *v.* Trindle, 2 P. F. Smith 495, speaking of the 6th section of the Act of 1856, says, " It will then read ' that no right of entry shall accrue or action be maintained * * * to enforce any implied or resulting trust as to realty, but within five years after * * * such equity or trust accrued, with right of entry, unless such * * * trust shall have been acknowledged by writing, to subsist by the party, to be charged there with within the same period.'

" The words ' with right of entry' at the end of the clause, I esteem as material to be considered, in construing it. The expression evidently means, I think, that if there be neither entry nor possession taken by the party, in whose favor the trust results within five years after it accrues, and no acknowledgment in writing, the trust cannot thereafter be asserted in law against the trustee." This disposes of the whole case.

Judgment affirmed.